UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| ROBERT WARREN STONE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 12-CV-10-KSF |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL SEPANEK, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*     \*\*\*\*     \*\*\*\*     \*\*\*\*

Petitioner Robert Warren Stone is an inmate confined in the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Stone has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking an order compelling the United States Parole Commission to reinstate his presumptive release date to October 31, 2013. [R. 1] Stone contends that in October 2011, the Parole Commission acted arbitrarily and capriciously by rescinding a previously-granted 24-month advance to his presumptive release date without prior notice that it intended to do so and in reliance upon facts already known to it. Stone contends the Commission's actions violated his right to due process of law and its own regulations. [R. 1, p. 5]

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once

that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to Section 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). The Court has reviewed the record and concludes that Stone is not entitled to the relief he seeks. His petition will be denied for the reasons set forth more fully below.

## DISCUSSION

On December 5, 1985, Stone was convicted of Use of Interstate Commerce Facilities in the Commission of Murder for Hire, in violation of 18 U.S.C. § 1952A (subsequently renumbered to 18 U.S.C. § 1958). Stone was sentenced to life imprisonment. The Federal Bureau of Prisons indicates that Stone currently has a projected release date of October 31, 2015.[1]

Stone's initial parole hearing was held in November of 1998. In its Notice of Action letter dated November 17, 1998, the Parole Commission continued the matter for a 15-year Reconsideration Hearing in October 2013. [R. 1-2, p. 1] Pursuant to 28 C.F.R. § 2.14(a)(1)(ii), the Parole Commission subsequently conducted interim parole hearings approximately every two years.

Following an interim hearing held on June 8, 2005, the Parole Commission issued a Notice of Action letter on July 13, 2005. At the top of the notice, the Commission stated that:

> As a result of the hearing conducted on June 8, 2005, the following action was ordered:

---

[1] See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=01281-088 (last visited on September 21, 2012).

> Reopen and advance date of 15-Year Reconsideration hearing (October 2013). Continue to a 15-Year Reconsideration hearing in October 2011.

[R. 1-3, p. 1] While this "decision" section of the notice indicates that the Commission is advancing his 15-Year Reconsideration hearing by two years, the body of the notice states that his "presumptive release date" is being advanced by 24 months for superior program achievement. [R. 1-3, p. 1]

In a manner consistent with the "decision" section of this notice, on September 15, 2011, the Parole Commission held a 15-year Reconsideration hearing. Following that hearing, by Notice of Action dated October 24, 2011, the Parole Commission continued Stone to the expiration of his sentence and scheduled him for a statutory interim hearing in September 2013. [R. 1-4] The Parole Commission explained the rationale for its decision, stating, in pertinent part:

> . . . The Commission has determined that your release prior to the expiration of your sentence (i.e., the two-thirds date of your sentence) would depreciate the seriousness of the offense and promote disrespect for the law. Specifically, your conduct involved the murder of an unarmed man by shooting him 12 times. You committed this crime with the intent to be paid for the murder even though you were never actually paid. In addition, your motivation for the crime and the motivation of those that sought your assistance was the victim's assistance to law enforcement officials in providing information regarding criminal activity. The Commission notes that you have completed a number of programs while in prison, however, your conduct in committing a premeditated murder of a man based on the above motivation indicates to the Commission that you should not be granted parole at this time. The Commission will review your case for release four months [sic] using the standards at 18 U.S.C. § 4206(d) four months prior to the two-thirds date of your sentence.

[R. 1-4, pp. 1-2]

On November 21, 2011, Stone appealed the Parole Commission's October 24, 2011, decision to the National Appeals Board, asserting that: (1) its decision was arbitrary and capricious; (2) the Commission failed to satisfy Section 235(b)(3) of the Sentencing Reform Act because the Commission did not set a release date that is within the range that applies under the applicable parole

guideline; and (3) the Commission did not provide a basis for applying the exception clause to 18 U.S.C. § 4206(d). On February 9, 2012, the National Appeals Board affirmed the Parole Commission's decision of October 24, 2011. [R. 10 - filed under seal].

## ANALYSIS

Stone contends that the Parole Commission's October 2011 decision to "continue to expiration," which, in Stone's view, reversed its 2005 decision to advance his presumptive parole date by 24 months for superior program achievement, was arbitrary and capricious because the Commission (a) provided no basis for rescinding the prior 2005 decision, and (b) failed to set a specific parole date. On appeal, the National Appeals Board concluded that the Parole Commission's 2011 decision was not inconsistent with its 2005 decision and explained that the body of the 2005 Notice of Action simply contained a clerical/administrative error. Specifically, the National Appeals Board explained:

> ... The decision of the July 13, 2005 Notice of Action is not contrary to the current decision, although the reasons section of the 2005 notice erroneously stated that your presumptive release date (which you did not have and have never had) had been advanced. The actual decision of the 2005 notice advanced your fifteen-year reconsideration date, as allowed under 28 C.F.R. § 2.14(a)(2)(ii)(1). In any case, the Commission is not obligated to grant a presumptive parole date, which has never been set.

[R. 10, p. 1 - filed under seal].

The source of Stone's confusion is in the language used by the Parole Commission in its 2005 Notice of Action, in distinguishing between discretionary and mandatory parole, and in understanding the limited nature of actions the Commission can take following an interim parole hearing.

4

First, the "decision" section of the July 2005 Notice of Action clearly, and correctly, states that Stone's 15-year Reconsideration hearing was being advanced by 24 months, from October 2013 to October 2011. However, in the body of the notice the Commission incorrectly referred to this advancement as one to his "presumptive release date." Here, because the Commission had never previously established a presumptive release date, either during an initial hearing pursuant to 28 C.F.R. § 2.12(b)(1) or during a 15-year reconsideration hearing pursuant to 28 C.F.R. § 2.14(c)(2), it lacked the authority to advance such a date during an interim hearing. 28 C.F.R. § 2.14(a)(2)(ii).

Second, Stone's claims evidence a confusion regarding discretionary parole available under 18 U.S.C. § 4205(a) and mandatory parole required by 18 U.S.C. § 4206(d). These provisions establish two distinct mechanisms for "old law" federal prisoners, such as Stone, to be paroled.[2] Under the former, a federal prisoner becomes eligible to be considered for parole after serving one-third of a term of definite years, or ten years of a life sentence. 18 U.S.C. § 4205(a). In determining whether to release a prisoner on parole, the Commission considers the factors set forth at 18 U.S.C. § 4206(a) and those set forth in its regulations promulgated at 28 C.F.R. § 2.20, including the prisoner's offense severity rating and salient factor score. Under the latter, if a prisoner has not been earlier released under Section 4205(a)'s discretionary method of parole, the prisoner must be released to mandatory parole under Section 4206(d) after serving two-thirds of a term of definite years, or thirty years of a life sentence, unless the Parole Commission affirmatively makes certain findings warranting continued detention. 18 U.S.C. § 4206(d). As the Parole Commission explained

---

[2] The Sentencing Reform Act of 1984 ("SRA") constituted Chapter II of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, 98 Stat. 1837, and abolished parole in the federal system. However, because Stone committed his federal crimes before November 1, 1987, the effective date of the SRA, he remains eligible for parole. *See Terrell v. United States*, 564 F. 3d 442, 444-45 (6th Cir. 2009).

5

in its October 24, 2011, Notice of Action, notwithstanding its denial of discretionary parole under Section 4205(a), it would still review his case for mandatory parole under Section 4206(d) four months before his two-thirds date. [R. 1-4, p. 2] On appeal, the National Appeals Board correctly noted that the sole purpose of the 15-year Reconsideration was to determine his suitability for parole under Section 4205(a), not whether he was ineligible for mandatory parole under Section 4206(d):

> As for the final claim, the September 15, 2011 hearing was a fifteen-year reconsideration hearing, not a mandatory parole hearing under 18 U.S.C. § 4206(d). You will not be eligible for mandatory parole until October 31, 2015; the mandatory parole hearing is not overdue. Accordingly, the standard of review under Section 4206(d) is not applicable here.

[R. 10, p. 1 - filed under seal].

Third, during an interim hearing, the Parole Commission does not make any substantive determination whether to grant parole, either immediately or at some point in the future; rather, it only makes a procedural determination whether the prisoner's conduct warrants advancing the date at which such a determination will be made in the future. 28 C.F.R. § 2.14(a); *United States ex rel Metro v. United States Parole Comm'n*, 613 F.2d 117, 119 (5th Cir. 1980); *Terrell*, 564 F.3d at 444 n. 3, 4 (while fifteen year reconsideration hearings are "full reassessment[s] of the [prisoner's] case," two year interim hearings just consider subsequent changes in the prisoner's status, after which the Commission makes changes only to the date of presumptive release or the fifteen year reconsideration hearing). Thus, following the 2005 interim hearing, the Commission could, and did, decide only to move forward the date of his 15-Year Reconsideration hearing, from October 2013 to October 2011.

Stone separately contends that the Parole Commission was required by Section 235(b)(3) of the Sentencing Reform Act of 1987 to set a specific parole date. This argument is predicated upon

a false factual premise, as the Parole Commission's existence has continued to be extended by Congress. *Cf. Dunne v. Zuercher*, No. 10-171-ART (E.D. Ky. 2010) (slip op. of Nov. 30, 2011, pp. 8, 8 n.10) (noting congressional action extending Commission's existence until November 1, 2013) (*citing Dunne v. Olsen*, 67 F. App'x 939, 943 (7th Cir. 2003)). As the National Appeals Board explained, Stone's argument is also legally flawed:

> ... the Commission is not obligated to set an immediate release date, because the Commission has been extended. *See Lewis v. Martin*, 880 F.2d 288, 290-91 (10th Cir. 1989). Even if the Commission were required to set a release date, it would not be required to set a date within the guidelines under the current version of the law. Section 235(b)(3) was amended by Section 2(b)(2) of the Sentencing Reform Act of 1987 (Sentencing Act of 1987, Sec. 2(b)(2) of Pub. L. 100-182) to eliminate the requirement that the Parole Commission set final parole dates within a prisoner's guideline range.

[R. 10, p. 1 - filed under seal].

For all of the foregoing reasons, Stone's habeas petition is without merit.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Robert Warren Stone's 28 U.S.C. § 2241 petition for writ of habeas corpus [R. 1] is **DENIED**.

(2) The Court will enter an appropriate judgment.

(3) This matter is **STRICKEN** from the active docket.

This September 25, 2012.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**